(December 28, 1916.)

ALETHA G. LAMB, Respondent, v. E. H. BRAMMER. Appellant.

[162 Pac. 246.]

COMMUNITY PROPERTY—AGREEMENT AS TO DIVISION OF—DIVORCE—DECREE—CONFIRMATION OF TITLE IN MINOR.

     1. Where husband and wife own community property, and the husband brings an action for divorce and an agreement is made between the husband and wife as to the division of the community property, and in such agreement it is provided that the wife shall convey to their minor son a one-half interest in certain land, and in consideration thereof the husband shall pay her $2,000, and the court in its judgment and decree in the divorce case ratifies and confirms such agreement, the title to such land passes to the minor, and a deed executed pursuant to a subsequent agreement between the parties, whereby the former wife agrees to convey the interest in said land which had been confirmed in the minor by such decree to her former husband, conveys no title to the land.

2. *Held,* that the title to a one-half interest in said 240 acres of land was in the minor, and on his death his said mother was one of his heirs and entitled to a half interest in his share of said land or its proceeds.

APPEAL from the District Court of the Second Judicial District for Clearwater County. Hon. Edgar C. Steele, Judge.

Action for an accounting and for other relief. Judgment for plaintiff. *Affirmed.*

Clay McNamee, for Appellant.

The $1,500 remainder of the purchase price paid by Brammer to his former wife was not paid as a part consideration for the first deed executed by Mrs. Brammer and Mr. Brammer to their son, Earl Brammer, but was paid as a consideration for the execution of the deed made in the latter part of December, 1911.

"A deed in escrow does not become a conveyance until the condition is performed upon which it is to take effect." (*Haskell v. Doty,* 78 Cal. 424, 21 Pac. 10; *Heney v. Pesoli,* 109 Cal. 53, 41 Pac. 819; *Gaston v. Portland,* 16 Or. 255, 19 Pac. 127; *Daggett v. Daggett,* 143 Mass. 516, 10 N. E. 311; *Schmidt v. Deegan,* 69 Wis. 300, 34 N. W. 83; *Calhoun County v. American Emigrant Co.,* 93 U. S. 124, 23 L. ed. 826.)

"A deed cannot be delivered in escrow to the grantee." (*Darling v. Butler,* 45 Fed. 332, 10 L. R. A. 469; 1 Devlin on Real Estate Deeds, p. 577, sec. 323.)

Miles S. Johnson, for Respondent.

"The final judgment granting a divorce and awarding alimony and disposing of the property of the parties is a bar to a subsequent action by either party to determine any of the property rights which might have been settled in such action." (14 Cyc. 794.)

The grantor cannot recall the deed after the delivery as an escrow; and, when the condition is complied with by the

grantee, he is absolutely entitled to it. (*Cannon v. Hand-ley,* 72 Cal. 133, 13 Pac. 315.)

Where the deed conveys a beneficial interest, the infant will be presumed to have accepted it. In case of an infant, this presumption is conclusive. (*Bjmerland v. Eley,* 15 Wash. 101, 45 Pac. 730.)

"Title to land cannot be divested by surrender and cancelation of grantee's deed." (*Watters v. Wagley,* 53 Ark. 509, 22 Am. St. 232, 14 S. W. 774; *Brown v. Westerfield,* 47 Neb. 399, 53 Am. St. 532, 66 N. W. 439; *Lawton v. Gordon,* 34 Cal. 36, 38, 91 Am. Dec. 670.)

SULLIVAN, C. J.—This action was brought for an accounting involving the dealings and transactions in reference to the property of one Earl Brammer, deceased, and for a decree confirming in the plaintiff a title to an undivided one-fourth interest in and to certain lots in the town of Orofino, Clearwater county.

On a trial of the issues made by the pleadings, judgment was entered in favor of the plaintiff for $2,437.50. A motion for a new trial was denied and this appeal is from judgment and order denying a new trial.

It appears from the record that the respondent, Aletha G. Lamb, and the appellant, E. H. Brammer, were husband and wife, and on December 10, 1910, appellant, who is the defendant in this action, brought suit against the plaintiff, who was then his wife, for a divorce and settlement of their property rights.

Prior to the trial of the divorce action, and on May 10, 1911, the parties entered into an agreement for the settlement of their property rights and among other provisions contained in said agreement were the following:

"The said E. H. Brammer contracts and agrees to pay the said sum of $2,000 in the following manner, to wit: $500.00 to be paid at Spokane, Washington, on or before June 1st, 1911, and the balance of $1,500.00, together with interest at the rate of 8 per cent per annum from this date, represented by two promissory notes, one for $1,000 and interest,

payable on or before November 1st, 1912, and one for $500 and interest, payable on or before November 1st, 1913.

"It is agreed between the parties that upon the receipt of said first payment of $500, that Aletha Brammer shall execute a good and sufficient warranty deed to her interest in said farm land in favor of Earl Brammer, said deed to contain a stipulation to the effect that said Earl Brammer shall not encumber or dispose of said land until he attains the age of twenty-one years; and the said deed shall be deposited in escrow by said Aletha Brammer in the Washington Trust Company of Spokane, Washington, under an escrow agreement whereby said trust company shall deliver said deed to the said Earl Brammer upon the payment of the said sum of $1,500.00 and interest by E. H. Brammer as hereinbefore provided, and that in addition to said deed there shall be deposited with the said bank a release releasing and discharging the said land and the said E. H. Brammer from any and all lien and claim of the said Aletha Brammer.

"It is agreed that a copy of this agreement be filed in said divorce action and that said agreement shall be confirmed and embodied in any decree of divorce entered in this action in favor of either party, and that by any such decree of divorce, the defendant Aletha Brammer shall be given a lien upon said farm lands to secure the payment to her of the said sum of $1,500.00 and interest, as represented by said notes."

It will be observed from that agreement that the defendant in said action agreed to receive the sum of $2,000 in full payment for all of her interest in the lands mentioned in said contract, and release and discharge her said husband from all claims and for alimony, support, attorneys' fees and all other claims existing by reason of the marriage relations between them. She further agreed that all of said minor children, in the event a decree of divorce be granted in said action, should be awarded to the appellant.

Pursuant to the terms of said agreement, on the 26th of May, 1911, Mrs. Brammer made, executed and delivered the deed mentioned in said agreement, conveying her one-half interest in said land to Earl Brammer, her son, the same con-

taining a clause providing that said Earl Brammer should not encumber or dispose of the lands therein mentioned until he reach the age of twenty-one years, and deposited said deed with the Washington Trust Company of Spokane, Washington, in accordance with the terms of a certain letter, which letter was introduced in evidence as plaintiff's exhibit "G." On May 26, 1911, Mrs. Brammer received a check from her said husband in the sum of $500, and two promissory notes representing the deferred payment on the purchase price of said land, said notes falling due on November 1, 1912, and November 1, 1913, respectively.

Thereafter and on September 23, 1911, a judgment and decree was entered in said divorce case, granting the plaintiff, who is appellant here, a divorce. In said decree is copied the agreement from which the above quotations are made. The court in that decree found that said agreement was fair and equitable, and decreed that the bonds of matrimony existing between the plaintiff and defendant be dissolved and that the custody and control of the minor children be awarded to the plaintiff in accordance with the terms of said agreement; and it was further adjudged that the stipulation contained in said agreement in regard to the settlement of their property rights be confirmed in every particular and that pursvant to said agreement it was ordered, adjudged and decreed that the plaintiff shall pay the defendant the sum of $2,000 according to the terms of said agreement, and that all the property, both real and personal, wherever situated, belonging to or in the possession of the plaintiff, or standing in the name of the plaintiff, including the community interests of the defendant in all community property, is awarded and assigned to the plaintiff as his sole and separate property. It was also decreed that in consideration of the covenants contained in said agreement that Aletha Brammer should execute to her son, Earl Brammer, a deed to all of her interest in the 240 acre farm owned by the parties, situated near the town of Russell in what was formerly Nez Perce county but now Lewis county, and that said E. H.

Brammer should pay to said Aletha Brammer the full sum of $2,000, as provided in said agreement.

It will be observed from the above that said contract between the parties for the disposition of the community property was confirmed by said decree, on September 23, 1911, whereby the title to a one-half interest in said 240 acres of land was confirmed and quieted in said minor, Earl Brammer.

Said divorce decree contains the following provision:

"It is further ordered, adjudged and decreed that the agreement and stipulation hereinbefore entered into by and between plaintiff and defendant as a final settlement of all their property rights, be and the same is hereby confirmed in every particular."

Thereafter the appellant entered into negotiations with his former wife, the plaintiff, whereby he offered to pay her the two promissory notes that had been delivered to her under said agreement, provided she would convey to him the one-half interest in said 240 acres of land that she had theretofore conveyed to said Earl Brammer. Said negotiations resulted in plaintiff's executing a deed to said real estate to her former husband. Said deed bears date December 28, 1911—about three months after the decree in said divorce case had been entered and the title to said one-half interest in said 240 acres of land had been confirmed in said minor.

The appellant who procured the plaintiff, or induced her to withdraw the deed to her son, which was in escrow, was a party to the decree, and consented to it, whereby the title to a one-half interest in said land was decreed to the minor son. The title then being in the son, a minor, the mother had no power or authority to convey the title to appellant and thus defeat the decree to which she and the appellant had consented.

It appears from the record that the first contract had been fully executed, at least so far as the placing in escrow of the deed conveying said land to Earl Brammer was concerned, and the payment of the $500 and the delivery of the two notes referred to in said agreement. The stipulation con-

tained in said agreement, above quoted, was confirmed and embodied in the decree of divorce entered in said action.

It thus appears that at the request or under the agreement of both of the parties the court confirmed title to said land in Earl Brammer. The record does not show that said decree had ever been modified, but does show that Earl Brammer was decreed to be the owner of at least a half interest in 240 acres of land. The decree provided that he could not dispose of his interest or encumber it until he had attained the age of twenty-one years. There is no contention that he ever encumbered or disposed of it, or attempted to do so. He died before he became of age, and this action was instituted on the theory that said land belonged to the said minor at the date of his death and that his mother, as one of his heirs, was entitled to a one-fourth interest in the land owned by said minor.

The question is directly presented whether under the facts of this case and the law applicable thereto, after said first agreement was entered into between the parties, and confirmed by the decree of the court, the parties could make another contract by which they could deprive the minor of his title to said land. At the time the deed to Brammer was made by his former wife, the title had already passed to the minor heir and no title to said land remained in her. That being true, she could convey no title. It was by and with the consent and agreement of the appellant here and his wife that the title to said land was confirmed in Earl Brammer, the minor son, and the title to said land was by decree conveyed to him, or confirmed in him.

The evidence clearly supports the finding of the court to the effect that the appellant had received money and property amounting to $9,750 from the sale of the lands transferred by the plaintiff to Earl Brammer, and that one-half of said sum, or $4,875, was the absolute property of said deceased minor, and that the plaintiff, as an heir of the said minor, deceased, is entitled to receive one-half of said amount, or $2,437.50, from the defendant, and that finding supports the judgment whereby it is adjudged that the plaintiff have and

recover of and from the defendant the sum of $2,437.50, with her costs.

Finding no error in the record, the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.